J-S56028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUNIR PANKERY | |
| Appellant | No. 946 EDA 2016 |

Appeal from the Judgment of Sentence Entered March 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0004331-2014;
CP-51-CR-0004332-2014

BEFORE:  BOWES, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:　　　　　　**FILED NOVEMBER 28, 2017**

Appellant Munir Pankery appeals from the March 16, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his jury convictions for second degree murder, carrying a firearm without a license, and possessing an instrument of crime at docket number 4331 and attempted murder, aggravated assault, and carrying a firearm without a license at docket number 4332.[1]  Upon careful review, we affirm.

The facts and procedural history underlying this case are undisputed. Briefly, on December 28, 2013, shortly following reports of an armed robbery outside of the Studio 7 Bar in Philadelphia, police responded to a shooting

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 2502(b), 6106, 907, 2502(a), 2702(a)(1), and 6106.

near the same location. Upon arriving, the police found a forty-two-year-old victim, Anthony Hinds, deceased on the ground. The next day, the police were called to the scene of a double shooting at a Chinese restaurant, located a few doors down from the Studio 7 Bar. One of the victims, Corey Wright, had been shot from a close range five times, thrice in the head, once in the back and once in the chest. Unlike Mr. Hinds, however, Mr. Wright survived the shooting.

Eventually, Appellant was charged at three separate dockets relating to the three criminal incidents near the Studio 7 bar.[2] At docket 4331, he was charged with murder and a firearms violations in connection with the shooting death of Mr. Hinds. At docket 4332, related to the shooting of Mr. Wright, Appellant was charged with attempted murder, aggravated assault and firearms violations.

On August 21, 2014, the Commonwealth filed a motion for consolidation of the three dockets for a single trial. Following a hearing, the trial court granted in part and denied in part the Commonwealth's motion. Specifically, the trial court permitted the Commonwealth to consolidate the two shooting cases at dockets 4331 and 4332, but denied the consolidation of the robbery case at docket 4330.[3]

---

[2] At docket 4330, which is not at issue here, he was charged with, *inter alia*, robbery, conspiracy, receiving stolen property and simple assault.

[3] Based on the outcome of the eventual jury trial in this case, the Commonwealth *nolle* prossed the charges at docket 4330.

On March 16, 2015, Appellant filed an omnibus pretrial motion, seeking, *inter alia*, to suppress the statements he gave to the police following his arrest. Appellant argued that his statements were involuntary. On March 3, 2016, Appellant filed a motion *in limine* to prevent the Commonwealth from introducing the preliminary hearing testimony of Mr. Wright, who since had passed away. Appellant argued that the Commonwealth's failure to provide him with video surveillance footage retrieved from the Studio 7 Bar deprived him of a fair opportunity to cross-examine Mr. Wright at the preliminary hearing. On March 4, 2016, the Commonwealth filed a cross-motion, requesting the trial court to allow the Commonwealth to introduce into evidence the transcript of Mr. Wright's preliminary hearing testimony and rejecting Appellant's contention that he was deprived of a fair opportunity to cross-examine Mr. Wright. The Commonwealth also filed a motion to admit evidence of Appellant's prior bad act under Pa.R.E. 404(b)(2). Specifically, the Commonwealth argued that it be allowed to introduce into evidence, under the *res gestae* exception,[4] Appellant's involvement in the robbery at docket 4330 that occurred prior to the shooting cases at issue here.

---

[4] Our Supreme Court "has also recognized the *res gestae* exception, permitting the admission of evidence of other crimes or bad acts to tell 'the complete story.'" ***Commonwealth. v. Hairston***, 84 A.3d 657, 665 (Pa. 2014) (citation omitted).

- 3 -

On March 7, 2016, the trial court held a hearing on Appellant's suppression motion. The trial court summarized the testimony presented at the hearing as following:

At the suppression hearing, the Commonwealth presented the testimony of Philadelphia Police Detectives Robert Daly and John Harkins, and Philadelphia Police Correctional Officer Sheila Grant-Covey. [Appellant] testified on his own behalf and presented the testimony of Dr. Lawrence Guzzardi. The following facts were established at the hearing.

On December 27, 2013, Detective Robert Daly became the assigned detective in a robbery that occurred outside the Studio 7 Bar, in the late evening hours of that day. The robbery victim, Kamar Johnson, identified [Appellant] as the robber from a photo array on December 30, 2013. Daly was also assigned a double shooting case that occurred around the corner from the bar on the night of December 29, 2013. At approximately 2:00 a.m. on the morning of December 30, 2013, Daly went to the Studio 7 Bar to retrieve any possible video surveillance footage pertaining to the shooting case. At that time, Daly observed [Appellant] by the bar and arrested him for the robbery.

Daly turned [Appellant] over to the police officers to be transported and was about to go back to retrieve the shooting video when he received a telephone call advising him that one of the shooting victims, Corey Wright, had told another detective that [Appellant] had shot him. Daly then took a photo array to Wright's hospital room at approximately 2:45 a.m., where Wright identified [Appellant] as the shooter. Daly then executed a search warrant at [Appellant's] home at approximately 9:00 that morning and recovered a firearm and clothing that appeared, from surveillance video, to have been worn by the shooter. After executing the search warrant, Daly returned to the police district and went to the holding cell to speak with [Appellant]. However, [Appellant] stated that he wanted to speak with an attorney, and therefore, no statement was taken.

While Daly was processing evidence at approximately 11:15 a.m. that same morning, [Appellant] knocked on the window of the holding cell where he was being held and informed Daly that he would "tell [Daly] what happened." Daly then took [Appellant] into an office where [Appellant] waived his **Miranda**[5] rights and

_____

[5] **Miranda v. Arizona**, 384 U.S. 436 (1966) (holding that statements obtained from defendants during interrogation in police-dominated

- 4 -

admitted to participating in both the robbery and the double shooting ("first statement"). [Appellant] also made statements concerning the homicide that occurred around the corner from the Studio 7 Bar shortly after the robbery, but before the double shooting. After being interviewed by Daly, [Appellant] was interviewed by detective Antonini and Fife regarding other unrelated criminal matters that [Appellant] had mentioned in his first statement, and provided another statement ("second statement") at approximately 6:10 p.m. that same day. Police again informed [Appellant] of his ***Miranda*** rights prior to his second statement.

At approximately 12:30 a.m., on December 31, 2013, [Appellant] was brought to an interview room in the homicide division of the police department. There he was interviewed by Detective John Harkins in connection with the homicide that [Appellant] referenced in his first statement. Harkins informed [Appellant] of his ***Miranda*** rights prior to this discussion, and [Appellant] agreed to speak with Harkins. At that time, [Appellant] talked with the detectives regarding the homicide, indicating that he was present, but that someone else had shot and killed [Mr. Hinds]. [Appellant] also drew a diagram of the crime scene. After Harkins confronted [Appellant] with inconsistencies between his version of the incident and the evidence seen in the video surveillance tapes, [Appellant] stated that he would not make a formal statement. Harkins summarized his discussion with [Appellant] in a written activity sheet.

Trial Court Opinion, 9/23/16, at 2-4 (record citations omitted). Following the hearing, the trial court denied Appellant's omnibus pretrial suppression motion. Additionally, the trial court denied Appellant's motion *in limine* and granted the Commonwealth's cross-motion. On the same day, the trial court also granted the Commonwealth's Rule 404(b)(2) motion.

The case proceeded to a jury trial, following which the jury found Appellant guilty of second degree murder, carrying a firearm without a license, and possessing an instrument of crime at docket 4331. The jury also found

---

atmosphere, made without full warning of applicable constitutional rights, were inadmissible as having been obtained in violation of Fifth Amendment privilege against self-incrimination).

Appellant guilty of attempted murder, aggravated assault, and carrying a firearm without a license at docket 4332. On March 15, 2016, the trial court sentenced Appellant to life imprisonment without the possibility of parole for second degree murder at docket 4331 and a consecutive aggregate term of 20 to 40 years' imprisonment at docket 4332. Appellant timely appealed to this Court.

The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant failed to comply. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant had waived his appellate claims.

On June 14, 2016, Appellant filed in this Court an "Application for Remand," seeking permission to file a Rule 1925(b) statement. On July 12, 2016, we granted Appellant's application for remand with instruction that he file a Rule 1925(b) statement within 21 days of the date of our order and that the trial court, in turn, prepare a supplemental Rule 1925(a) opinion. Appellant complied, raising three assertions of error:

> [I.] The trial court erred in granting the Commonwealth's [Rule] 404(b) motion and allowing evidence of robbery, which was not consolidated, to be admitted into evidence to show "*res gestae*" of the case and investigation.
>
> [II.] The trial court erred in denying [Appellant's] motion to suppress statements based on voluntariness. This occurred after Appellant testified that he was going through withdrawal, an expert on toxicology testified on the effects of withdrawal, and evidence of treatment, for withdrawal, immediately upon admission to the prison took place.
>
> [III.] The trial court erred by denying Appellant's motion to preclude the preliminary hearing testimony of Corey Wright. Appellant did not have a full and fair opportunity to cross[-

]examine Mr. Wright regarding the video evidence, that was only passed to defense counsel after the preliminary hearing, which would [sic] substantially impeached his preliminary hearing testimony and statements to police.

Appellant's Rule 1925(b) Statement, 7/18/16.[6]   The trial court filed a

supplemental Rule 1925(a) opinion.

On appeal,[7] Appellant repeats the same assertions of error.  After careful

review of the record and the relevant case law, we conclude that the trial court

---

[6] As the Commonwealth points out, to the extent Appellant appears to raise a claim under the law of the case doctrine with respect to the introduction of the robbery under Rule 404(b), such claim is waived because he failed to assert it before the trial court.  Commonwealth's Brief at 16; **see** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

[7] In reviewing appeals from an order denying suppression, our standard of review is limited to determining

> whether [the trial court's] factual findings are supported by the record and whether [its] legal conclusions drawn from those facts are correct.  When reviewing the rulings of a [trial] court, the appellate court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  When the record supports the findings of the [trial] court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Griffin***, 116 A.3d 1139, 1142 (Pa. Super. 2015).  Our scope of review is limited to the evidence presented at the suppression hearing.  ***In the interest of L.J.***, 79 A.3d 1073, 1088-89 (Pa. 2013).

Our standard of review relating to evidentiary challenges is settled:

> [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion.  An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

accurately and thoroughly addressed the merits of Appellant's claims. ***See*** ***Trial Court Opinion***, 9/23/16, at 5-12. We agree with the trial court's conclusions that (1) the robbery evidence was necessary to show the history of the investigation of the homicide and shootings, (2) Appellant's statements to the police were not given involuntarily, and (3) Appellant had sufficient information prior to the preliminary hearing to cross-examine Mr. Wright. Accordingly, we affirm Appellant's March 15, 2016 judgment of sentence. We further direct that a copy of the trial court's September 23, 2016 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017

---

***Commonwealth v. Tyson***, 119 A.3d 353, 357-58 (Pa. Super. 2015) (internal citations omitted), ***appeal denied***, 128 A.3d 220 (Pa. 2015). Moreover, an appellant bears a "heavy burden" to show that the trial court has abused its discretion. ***Commonwealth v. Christine***, 125 A.3d 394, 398 (Pa. 2015).

FILED
03/27/2016 12:09:47 PM
Post Trial Unit
By: T. COS

ALVA & SHUTTLEWORTH, LLC
BY:    JEREMY-EVAN ALVA, ESQ                    ATTORNEY FOR PETITIONER
IDENTIFICATION NO.  90932
1520 LOCUST ST., SUITE 700
PHILADELPHIA, PA 19102
215-665-1695 FAX: 665-0183

_____

COMMONWEALTH OF PENNSYLVANIA    :    COURT OF COMMON PLEAS
                                :    TRIAL DIVISION
         v.                     :    CRIMINAL SECTION
                                :
MUNIR PANKERY_____ :    CP-51-CR-0004331-2014
                                     CP-51-CR-0004332-2014

### NUNC PRO TUNC PETITION FOR TIME EXTENSION TO FILE A 1925(b) STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

TO THE HONORABLE JUDGE GLENN B. BRONSON OF THE SAID COURT:

Appellant, Munir Pankery, by and through his attorney, Jeremy-Evan Alva, Esquire

respectfully requests that an extension of time be granted to file a concise Statement of Errors

Complained of on Appeal pursuant to Pennsylvania Rules of Appellate Procedure 1925(b) ("the

1925(b) statement"), and in support thereof avers the following:

1.    On March 15, 2016, Appellant was sentenced by the Honorable Glenn B.

Bronson.

2.    On March 23, 2016, Appellant filed a Notice of Appeal to the Superior Court of

Pennsylvania.

3.    On March 24, 2016, this Court Ordered that Appellant file the 1925(b) statement

by April 14, 2016.

4.    On April 13, 2016 this Honorable Court granted the extension of time and set a

new date of May 4, 2016.

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS, PHILADELPHA COUNTY
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA    :    COURT OF COMMON PLEAS
                                :    TRIAL DIVISION
            v.                  :    CRIMINAL SECTION
                                :
MUNIR PANKERY                   :    CP-51-CR-0004331-2014
                                     CP-51-CR-0004332-2014

## NOTICE OF HEARING

AND NOW, this ____ day of _____ 2016, upon consideration of the annexed

Petition for Extension of Time, on behalf of Appellant, MUNIR PANKERY, it is hereby

ORDERED and DECREED that a hearing on said petition be heard on the ____ day of

_____, 2016 at _____, in Courtroom ___, Criminal Justice Center, Philadelphia,

Pennsylvania.



                            BY THE COURT:


                            _____
                            Glenn B. Bronson, J.

# IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS, PHILADELPHA COUNTY
## TRIAL DIVISION-CRIMINAL SECTION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
| | : | TRIAL DIVISION |
| v. | : | CRIMINAL SECTION |
| | : | |
| MUNIR PANKERY | : | CP-51-CR-0004331-2014 |
| | | CP-51-CR-0004332-2014 |

## ORDER

AND NOW, to wit, this _____ day of _____, 2016, it is hereby

ORDERED and DECREED that Appellant Munir Pankery's *Nunc Pro Tunc* Petition for

Extension of Time to File a 1925(b) Statement of Errors Complained of on Appeal is **GRANTED**.

Appellant is given an *additional* **thirty (30)** days from the receipt of the notes of testimony to file a

1925(b) Statement. Accordingly, Appellant must file a 1925(b) Statement on or before the

_____ day of _____, 2016.


_____
Glenn B. Bronson, J.

5. Undersigned counsel has been in constant contact with Stenographer Kelly Catanzariti, by and through his associate, Edward J. Foster, Esq. and was informed on May 12, 2016 that the notes were nearing completion and received a follow up email on May 23, 2016 asking what form counsel would like the notes to be printed in. (Attached herin, as exhibit 'A', email thread between Ms. Catanzariti and Mr. Foster).

6. Undersigned counsel will be receiving the notes of testimony on May 27, 2016.

7. Because undersigned counsel for Appellant is still not fully aware of the exact nature of the issues to be complained and will not be until the record is more fully reviewed, Appellant is requesting a reasonable amount of time for him to receive and review the record.

WHEREFORE, Appellant respectfully requests an order for extension of time to file the 1925(b) statement.

Respectfully Submitted,

JEREMY-EVAN ALVA, ESQ.
Attorney for Appellant

ALVA & SHUTTLEWORTH, LLC                    ATTORNEY FOR PETITIONER
BY:   JEREMY-EVAN ALVA, ESQ
IDENTIFICATION NO. 90932
1520 LOCUST ST., SUITE 700
PHILADELPHIA, PA 19102
215-665-1695 FAX: 665-0183

_____

COMMONWEALTH OF PENNSYLVANIA        :        COURT OF COMMON PLEAS
                                    :        TRIAL DIVISION
        v.                          :        CRIMINAL SECTION
                                    :
MUNIR PANKERY                       :        CP-51-CR-0004331-2014
                                             CP-51-CR-0004332-2014


## CERTIFICATE OF SERVICE

I, Jeremy-Evan Alva, Esq., hereby certify that a true and correct copy of the foregoing was

served upon the following on today's date:

Office of the District Attorney of Philadelphia
ADA Hugh Burns, Esq.
Three South Penn Square
Philadelphia, PA 19107
(via hand delivery)

JEREMY-EVAN ALVA, ESQ.

DATE: 5/27/16

EXHIBIT 'A'



## Re: Munir Pankery Notes

**Catanzariti, Kelly** <Kelly.Catanariti@courts.phila.gov>        Tue, May 24, 2016 at 9:32 AM
To: Edward Foster <efoster@alvafirm.com>

Hi Ed!

Okay, great! When you have an idea on what day you'll be sending someone over, just let me know a day in advance. The trial is over 1500 pages and I just want to give the copy center notice so they can be printed, so your courier doesn't have to wait while they're printing them.

Have a good day!!

Sent from my iPhone

On May 24, 2016, at 7:44 AM, Edward Foster <efoster@alvafirm.com<mailto:efoster@alvafirm.com>> wrote:

Kelly,

I let Jeremy know the notes are ready. We've reached out to the family to see when they will be in with the balance. I will let you know as soon as that happens, hopefully by the end of the week.

Ed

On Mon, May 23, 2016 at 9:36 AM, Catanzariti, Kelly <Kelly.Catanariti@courts.phila.gov<mailto:Kelly. Catanariti@courts.phila.gov>> wrote:
Hi Ed!

I wanted to follow-up with you for the balance of the Pankey notes.

Also, I wanted to know if you want me to printout a full size copy of the trial or if you want minuscripts or both. Just let me know and I can have them ready for pickup at the copy center.

Have a great day!
Thanks!

Sent from my iPhone

On May 12, 2016, at 12:49 PM, Edward Foster <efoster@alvafirm.com<mailto:efoster@alvafirm.com> <mailto:efoster@alvafirm.com<mailto:efoster@alvafirm.com>>> wrote:

Hi Kelly,

Thanks for the update. Our clerk just dropped off a check for $1000 and I let Jeremy know the total so we can get the rest of it in asap. I will touch base with you next week with an update as to when we will be in with the balance. Have a wonderful weekend.

Best,
Ed

On Thu, May 12, 2016 at 12:06 PM, Catanzariti, Kelly <Kelly.Catanariti@courts.phila.gov<mailto:Kelly. Catanariti@courts.phila.gov><mailto:Kelly.Catanariti@courts.phila.gov<mailto:Kelly. Catanariti@courts.phila.gov>>> wrote:
Hi Ed,

The notes are almost complete for Cw vs Pankey and the cost of the transcript is $3134. I know you had asked me to let you know as soon as I had an exact figure.

0033_Order_Denying_Motion_for_Extension_of_Time

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | **CP-51-CR-0004331-2014** |
| **PENNSYLVANIA** | : | **CP-51-CR-0004332-2014** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **MUNIR PANKERY** | : | **Filed: June 9, 2016** |

## ORDER

Presently before the Court is defendant's Nunc Pro Tunc Petition for Time Extension to File a 1925(b) Statement of Errors Complained of on Appeal, which defendant filed on May 27, 2016. Because the Court has transmitted the record of this case to the Superior Court, this Court lacks jurisdiction to address defendant's Petition. Therefore, defendant's Motion is denied.

**BY THE COURT:**

**Received**

**JUN 9 2016**

**Office of Judicial Records**
**Appeals/Post Trial**



**GLENN B. BRONSON, J.**

CP-51-CR-0004332-2014 Comm. v Pankery, Munir
Order Denying Motion for Extension of Time

7458078131

Commonwealth v. Munir Pankery        CP-51-CR-0004331-2014
Type of Order: Order                  CP-51-CR-0004332-2014

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

        Jeremy-Evan Alva, Esquire
        1520 Locust St. Ste. 700
        Philadelphia, PA 19102

Type of Service:     ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**District Attorney:**

        Hugh Burns, Esquire
        Office of the District Attorney
        Three South Penn Square
        Philadelphia, PA 19107-3499

Type of Service      ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**Additional Party:**

Type of Service:     ( ) Personal ( ) First Class Mail ( ) Other, please specify:

**Dated: June 9, 2016**

Jonathon M. Frisby
Law Clerk to Hon. Glenn B. Bronson

Filed 07/12/2016

COMMONWEALTH OF PENNSYLVANIA :    IN THE SUPERIOR COURT OF
:    PENNSYLVANIA
v. :
:    No. 946 EDA 2016
MUNIR PANKERY, :    (C.P. Philadelphia County
Appellant :    Nos. 51-CR-0004331-2014
   51-CR-0004332-2014)

CP-51-CR-0004332-2014 Comm. v. Pankery, Munir
Superior Court Order



7472279881

## ORDER

Upon consideration of the Appellant's "Motion For Remand For The Purpose Of Filing A Concise Statement Of Matters Complained Of On Appeal," filed by Jeremy-Evan Alva, Esq., the motion and the certified record are hereby REMANDED to the trial court for a period of sixty (60) days. Appellant shall be permitted to file in the trial court and serve upon the trial judge a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, within twenty-one (21) days of the date that this Order is filed. The trial judge shall prepare a supplemental opinion, pursuant to Pa.R.A.P. 1925(a), in response to the Rule 1925(b) statement, within thirty (30) days of the date the statement is received. The trial court shall include the Rule 1925(b) statement and supplemental opinion in the certified record. The Prothonotary of this Court is directed to provide copies of this Order to the trial court clerk of courts and the Honorable Glenn B. Bronson.

Upon consideration of the Appellant's "Application For Extension Of Time To File Brief," filed by Jeremy-Evan Alva, Esq., the existing briefing schedule is VACATED, to be re-established by the Prothonotary of this Court upon the return of the certified record.

Jurisdiction is retained.

**PER CURIAM**

(True copy from record)
ATTEST:

Dorothy R. O'Donnell
Clerk Supervisor
SUPERIOR COURT OF PA.

## IN THE SUPERIOR COURT OF PENNSYLVANIA

## EASTERN DISTRICT

FILED IN
SUPERIOR COURT
JUN 14 2016
EASTERN DISTRICT

### 946 EDA 2016

## COMMONWEALTH OF PENNSYLVANIA,

*Appellee,*

v.

## MUNIR PANKERY,

*Appellant.*

---

## MOTION FOR REMAND FOR THE PURPOSE OF FILING A CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

---

An Appeal From Judgment of Sentence entered by the
Honorable Glenn B. Bronson,
Court of Common Pleas of Philadelphia County

---

Trial Court Docket Nos.: CP-51-CR-0004331-2014 AND CP-51-CR-0004332-2014

Submitted by:
JEREMY-EVAN ALVA, ESQ.
Identification No.: 90932
Alva & Shuttleworth, LLC
1520 Locust St., Suite 700
Philadelphia, PA 19102
Tel.: 215.665.1695
Fax: 215.665.0183
jalva@alvafirm.com

## MOTION FOR REMAND FOR THE PURPOSE OF FILING A CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

AND NOW, Petitioner MUNIR PANKERY, by and through his attorney, JEREMY-EVAN ALVA, ESQ. hereby applies to the Pennsylvania Superior Court to remand this case for the purpose of filing a concise statement of matters complained of on appeal in accordance with Pa.R.A.P. §1925(b) and in support thereof avers the following:

### I. INTRODUCTION: SUMMARY OF THE PROCEDURAL POSTURE

1. On March 15, 2016 following a jury trial before the Honorable Glenn B. Bronson, Appellant Munir Pankery was convicted of one count of second degree murder; one count of attempted murder, two counts of aggravated assault, two counts of carrying a firearm without a license, and one count of possession of an instrument of crime. The court imposed the mandatory life sentence without parole on the lead charge of second-degree murder and an aggregate sentence of 26-52 years on all other charges.

2. The Defender's Association of Philadelphia filed a Notice of Appeal for both dockets on March 23, 2016.

3. Jeremy-Evan Alva, Esq. was retained by the family of Appellant for the purpose of filing post sentence motions and entered his appearance on March 25, 2016 on Docket Number 4332-2014 on March 25, 2016.

4. Counsel filed a motion for reconsideration of sentence on said docket on March 28. 2016, which was subsequently denied as a matter of law for lack of jurisdiction due to the Notice of Appeal being filed by the Defender's Association of Philadelphia.

5. Undersigned counsel entered his appearance on docket 4331-2014 on March 31, 2016.

6.     Undersigned counsel filed a motion for extension of time on April 12, 2016 requesting an additional thirty (30) days from counsel's receipt of the notes of testimony to file the Concise Statement of Matters Complained of On Appeal with the trial court. (Attached herein as, Exhibit "A")

7.     A transcript order form was sent to the Stenographer, Kelly Catanzariti on April 13, 2016.

8.     Undersigned counsel's office has had ongoing contact with Ms. Catanzariti regarding these notes of testimony and was notified on May 12, 2016 that the notes of testimony were "almost complete" and received a follow up email on May 23, 2016 asking how counsel would like the notes printed, presumptively because they were now complete. (Attached herein as, Exhibit "B", email thread between Ms. Catanzariti and Edward J. Foster, Esq.)

9.     On May 24, 2016 the trial judge, the Honorable Glenn Bronson, filed an opinion with the Superior Court stating that Appellant had failed to file a timely Statement of Matters Complained of on Appeal, and that appellate issues should then be deemed waived.

10.    Undersigned counsel received the notes of testimony on May 27, 2016 and immediately began to ascertain the matters that will be complained of on appeal.

11.    Undersigned counsel immediately filed a *nunc pro tunc*, Motion for an Extension of Time to file a Concise Statement of Matters Complained of on Appeal on May 27, 2016, which was denied on June 9, 2016 for a lack of jurisdiction.

12.    Undersigned counsel is asking that this Honorable Court remand for the purposes of filing a Concise Statement of Matters Complained of on Appeal, thereby granting leave to allow compliance with §1925(b).

13. Undersigned counsel will be prepared to file a rule §1925 Concise Statement of Matters Complained of on Appeal immediately upon being granted leave to do so by this Honorable Court.

14. Granting this request will not prejudice this Honorable Court, the Commonwealth, or the Appellee.

15. Granting this request will be in the interest of justice and it will help to ensure competent representation of the parties by counsel.

WHEREFORE, Appellant respectfully requests this Honorable Court to remand this case to allow undersigned counsel to file the 1925(b) Concise Statement of Matters Complained of on Appeal.

Respectfully submitted,

JEREMY-EVAN ALVA, ESQ.
PA Attorney ID: 90932
Alva & Shuttleworth, LLC
1520 Locust St.
Suite 700
Philadelphia, PA 19103
(215) 665-1695

Counsel for Appellant

EXHIBIT 'A'

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS, PHILADELPHA COUNTY
TRIAL DIVISION-CRIMINAL SECTION

APR 1 2 2016

Criminal Appeals Unit
First Judicial District of PA

COMMONWEALTH OF PENNSYLVANIA   :   COURT OF COMMON PLEAS

                       :   TRIAL DIVISION

v.                    :   CRIMINAL SECTION

                       :

MUNIR PANKERY             :   CP-51-CR-0004331-2014
                                CP-51-CR-0004332-2014

## NOTICE OF HEARING

AND NOW, this _____ day of _____ 2016, upon consideration of the annexed

Petition for Extension of Time, on behalf of Appellant, MUNIR PANKERY, it is hereby

ORDERED and DECREED that a hearing on said petition be heard on the _____ day of

_____, 2016 at _____, in Courtroom ___, Criminal Justice Center, Philadelphia,

Pennsylvania.

BY THE COURT:

_____
Glenn B. Bronson, J.

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS, PHILADELPHA COUNTY
TRIAL DIVISION-CRIMINAL SECTION

| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
| | : | TRIAL DIVISION |
| v. | : | CRIMINAL SECTION |
| | : | |
| MUNIR PANKERY | : | CP-51-CR-0004331-2014 |
| | | CP-51-CR-0004332-2014 |

## ORDER

AND NOW, to wit, this _____ day of _____, 2016, it is hereby

ORDERED and DECREED that Appellant Munir Pankery's Petition for Extension of Time to

File a 1925(b) Statement of Errors Complained of on Appeal is GRANTED. Appellant is given an

*additional* thirty (30) days from the receipt of the notes of testimony to file a 1925(b) Statement.

Accordingly, Appellant must file a 1925(b) Statement on or before the _____ day of

_____, 2016.

_____
Glenn B. Bronson, J.

ALVA & SHUTTLEWORTH, LLC
BY:   JEREMY-EVAN ALVA, ESQ          ATTORNEY FOR PETITIONER
IDENTIFICATION NO. 90932
1520 LOCUST ST., SUITE 700
PHILADELPHIA, PA 19102
215-665-1695 FAX: 665-0183

| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
| | : | TRIAL DIVISION |
| v. | : | CRIMINAL SECTION |
| | : | |
| MUNIR PANKERY | : | CP-51-CR-0004331-2014 |
| | | CP-51-CR-0004332-2014 |

### PETITION FOR TIME EXTENSION TO FILE A 1925(b) STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

TO THE HONORABLE JUDGE GLENN B. BRONSON OF THE SAID COURT:

Appellant, Munir Pankery, by and through his attorney, Jeremy-Evan Alva, Esquire

respectfully requests that an extension of time be granted to file a concise Statement of Errors

Complained of on Appeal pursuant to Pennsylvania Rules of Appellate Procedure 1925(b) ("the

1925(b) statement"), and in support thereof avers the following:

1.     On March 15, 2016, Appellant was sentenced by the Honorable Glenn B.

Bronson.

2.     On March 23, 2016, Appellant filed a Notice of Appeal to the Superior Court of

Pennsylvania.

3.     On March 24, 2016, this Court Ordered that Appellant file the 1925(b) statement

by April 14, 2016.

4.     Undersigned counsel has not yet received the transcript from Appellant's

sentencing hearing.

5. Because undersigned counsel for Appellant will not be fully aware of the exact nature of the issues to be complained of until the record is more fully reviewed, Appellant is requesting a reasonable amount of time for him to receive and review the record.

WHEREFORE, Appellant respectfully requests an order for extension of time to file the 1925(b) statement.

Respectfully Submitted,

JEREMY-EVAN ALVA, ESQ.
Attorney for Appellant

ALVA & SHUTTLEWORTH, LLC
BY:    JEREMY-EVAN ALVA, ESQ                    ATTORNEY FOR PETITIONER
IDENTIFICATION NO.  90932
1520 LOCUST ST., SUITE 700
PHILADELPHIA, PA 19102
215-665-1695 FAX: 665-0183

| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS |
| | : | TRIAL DIVISION |
| v. | : | CRIMINAL SECTION |
| | : | |
| MUNIR PANKERY | : | CP-51-CR-0004331-2014 |
| | | CP-51-CR-0004332-2014 |

## CERTIFICATE OF SERVICE

I, Jeremy-Evan Alva, Esq., hereby certify that a true and correct copy of the foregoing was

served upon the following on today's date:

Office of the District Attorney of Philadelphia
ADA Hugh Burns, Esq.
Three South Penn Square
Philadelphia, PA 19107
(via hand delivery)

JEREMY-EVAN ALVA, ESQ.

DATE: 4/11/16

EXHIBIT 'B'



# Re: Munir Pankery Notes

**Catanzariti, Kelly** <Kelly.Catanariti@courts.phila.gov>                    Tue, May 24, 2016 at 9:32 AM
To: Edward Foster <efoster@alvafirm.com>

Hi Ed!

Okay, great! When you have an idea on what day you'll be sending someone over, just let me know a day in advance. The trial is over 1500 pages and I just want to give the copy center notice so they can be printed, so your courier doesn't have to wait while they're printing them.

Have a good day!!

Sent from my iPhone

On May 24, 2016, at 7:44 AM, Edward Foster <efoster@alvafirm.com<mailto:efoster@alvafirm.com>> wrote:

Kelly,

I let Jeremy know the notes are ready. We've reached out to the family to see when they will be in with the balance. I will let you know as soon as that happens, hopefully by the end of the week.

Ed

On Mon, May 23, 2016 at 9:36 AM, Catanzariti, Kelly <Kelly.Catanariti@courts.phila.gov<mailto:Kelly. Catanariti@courts.phila.gov>> wrote:
Hi Ed!

I wanted to follow-up with you for the balance of the Pankey notes.

Also, I wanted to know if you want me to printout a full size copy of the trial or if you want minuscripts or both. Just let me know and I can have them ready for pickup at the copy center.

Have a great day!
Thanks!

Sent from my iPhone

On May 12, 2016, at 12:49 PM, Edward Foster <efoster@alvafirm.com<mailto:efoster@alvafirm.com> <mailto:efoster@alvafirm.com<mailto:efoster@alvafirm.com>>> wrote:

Hi Kelly,

Thanks for the update. Our clerk just dropped off a check for $1000 and I let Jeremy know the total so we can get the rest of it in asap. I will touch base with you next week with an update as to when we will be in with the balance. Have a wonderful weekend.

Best,
Ed

On Thu, May 12, 2016 at 12:06 PM, Catanzariti, Kelly <Kelly.Catanariti@courts.phila.gov<mailto:Kelly. Catanariti@courts.phila.gov><mailto:Kelly.Catanariti@courts.phila.gov<mailto:Kelly. Catanariti@courts.phila.gov>>> wrote:
Hi Ed,

The notes are almost complete for Cw vs Pankey and the cost of the transcript is $3134. I know you had asked me to let you know as soon as I had an exact figure.

Kelly

Sent from my iPhone

On May 10, 2016, at 11:57 AM, Edward Foster <efoster@alvafirm.com<mailto:efoster@alvafirm.com>
<mailto:efoster@alvafirm.com<mailto:efoster@alvafirm.com>><mailto:efoster@alvafirm.com<mailto:efoste
r@alvafirm.com><mailto:efoster@alvafirm.com<mailto:efoster@alvafirm.com>>>> wrote:

Hi Kelly,
We are still waiting on the family to come in with the deposit. I'll email you once that happens, I believe it's
supposed to be this week.

Edward J. Foster, Esq.


This communication, together with any attachments hereto or links contained herein, is for the sole use of the
intended recipient(s) and may contain information that is confidential or legally protected. If you are not the
intended recipient , you are hereby notified that any review, disclosure, copying, dissemination, distribution or
use of this communication isSTRICTLY PROHIBITED. If you have received this communication in error,
please notify the sender immediately by return e-mail message and delete the original and all copies of the
communication, along with any attachments hereto or links herein, from your system.

On May 10, 2016, at 11:52 AM, Catanzariti, Kelly <Kelly.Catanariti@courts.phila.gov<mailto:Kelly.
Catanariti@courts.phila.gov><mailto:Kelly.Catanariti@courts.phila.gov<mailto:Kelly.
Catanariti@courts.phila.gov>><mailto:Kelly.Catanariti@courts.phila.gov<mailto:Kelly.
Catanariti@courts.phila.gov><mailto:Kelly.Catanariti@courts.phila.gov<mailto:Kelly.
Catanariti@courts.phila.gov>>>> wrote:

Hi Ed,

I was just following up on our last email from below. I haven't received the deposit and the notes are almost
complete. I just wanted to check and see if you received the deposit yet from the family.

Thanks!
Kelly

Sent from my iPhone

On Apr 14, 2016, at 2:15 PM, Edward Foster <efoster@alvafirm.com<mailto:efoster@alvafirm.com><mailto:ef
oster@alvafirm.com<mailto:efoster@alvafirm.com>><mailto:efoster@alvafirm.com<mailto:efoste
r@alvafirm.com><mailto:efoster@alvafirm.com<mailto:efoster@alvafirm.com>>><mailto:efoster
@alvafirm.com<mailto:efoster@alvafirm.com><mailto:efoster@alvafirm.com<mailto:efoster@
alvafirm.com>>>> wrote:

Kelly,

I talked to Jeremy and we don't need the Munir Pankery jury selection notes, but do need the motion to
suppress. We've reached out to the family to let them know the cost and expect them in the office Monday
with the deposit. I will touch base with you as soon as we can get that check cut and sent over to you.

--
Edward J. Foster, Esq.
Alva & Shuttleworth, LLC
1520 Locust St.
Suite 700
Philadelphia, PA 19102
(215) 665-1695<tel:%28215%29%20665-1695><tel:%28215%29%20665-1695> - Phone
(215) 665-0183<tel:%28215%29%20665-0183><tel:%28215%29%20665-0183> - Fax

--

Commonwealth of PA

v.

Munir Pankey

No. 946 EDA 2016

## PROOF OF SERVICE

I, Edward J. Foster, Esq., do hereby certify that on

June 14, 2016, the within Motion for Remand

was served on the following:

ADA Hugh Burns, Esq.
3 S. Penn Sq.
Phila, PA 19107

Hon. Glenn Bronson
CJC, Room 1407
Phila PA 19107

FILED
07/18/2016 07:35:19 AM
Post Trial Unit
By: T. COS

IN THE FIRST JUDICIAL DISTRICT OF PENNASYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEATLH OF PENNSYLVANIA  :      CP-51-CR-0004331-2014
                                                                         :      CP-51-CR-0004332-2014
                                                                         :
                                    v.                                   :
                                                                         :
                                                                         :
MUNIR PANKERY                                      :

## CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL PURSUANT TO PA.R.A.P. 1925(b)

Appellant, MUNIR PANKERY, by and through undersigned counsel, JEREMY-EVAN ALVA, ESQ., hereby files the following statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b):

1.      The trial court erred in granting the Commonwealth's 404(b) motion and allowing evidence of a robbery, which was not consolidated, to be admitted into evidence to show "*res gestae*" of the case and investigation.

2.      The trial court erred in denying Mr. Pankery's motion to suppress statements based on involuntariness. This occurred after Appellant testified that he was going through withdrawal, an expert on toxicology testified on the effects of withdrawal, and evidence of treatment, for withdrawal, immediately upon admission to the prison took place.

3. The trial court erred by denying Appellant's motion to preclude the preliminary hearing testimony of Corey Wright. Appellant did not have a full and fair opportunity to cross examine Mr. Wright regarding video evidence, that was only passed to defense counsel after the preliminary hearing, which would substantially impeached his preliminary hearing testimony and statements to police.

Respectfully submitted,

Date: 7/13/16

_____
**JEREMY-EVAN ALVA, ESQ.**
Attorney ID# 090932
Alva & Shuttleworth, LLC
1520 Locust St.
Suite 700
Philadelphia, PA 19102
215-665-1695

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing 1925(b) Statement upon the persons and in the manner indicated below which service satisfies the requirements of Pa.R.A.P. 122:

**Hon. Glenn B. Bronson**
Juanita Kidd Stout Center for Criminal Justice
Room 1407
1301 Filbert St.
Philadelphia, PA 19107

**Office of the District Attorney of Philadelphia County**
Attn.: Appeals Unit
Three South Penn Center
Philadelphia, PA 19107

**Type of Service: Hand Delivery**

Date: 7/13/16

_____
JEREMY-EVAN ALVA, ESQ.
Attorney ID# 090932
Alva & Shuttleworth, LLC
1520 Locust St.
Suite 700
Philadelphia, PA 19102
215-665-1695

FILED

SEP 23 2016

Appeals/Post Trial
Office of Judicial Record

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF   :   CP-51-CR-0004331-2014
PENNSYLVANIA   CP-51-CR-0004332-2014 Comm. v. Pankery, Munir   CP-51-CR-0004332-2014
Opinion

v.

MUNIR PANKERY   7503603571

SUPPLEMENTAL OPINION

BRONSON, J.            September 23, 2016

On March 15, 2016, following a jury trial before this Court, defendant Munir Pankey[1] was convicted at docket number CP-51-CR-0004331-2014 of one count each of second degree murder (18 Pa.C.S. § 2502(b)), carrying a firearm without a license (18 Pa.C.S. § 6106), and possessing an instrument of crime (18 Pa.C.S. § 907).[2] At docket number CP-51-CR-0004332-2014, defendant was convicted of one count each of attempted murder (18 Pa.C.S. §§ 901 & 2502(a)), aggravated assault (18 Pa.C.S. § 2702(a)(1)), and carrying a firearm without a license (18 Pa.C.S. 6106). The Court immediately imposed the mandatory life sentence on the second degree murder charge (18 Pa.C.S. § 1102(b)), and a consecutive aggregate sentence on the remaining charges of 20-40 years incarceration.[3]

Defendant filed a timely notice of appeal on March 23, 2016. On March 24, 2016, the Court ordered defendant to file a Rule 1925(b) statement of errors complained of on appeal. Jeremy-Evan Alva, Esquire, entered his appearance on behalf of defendant on March 25, 2016,

---

[1] While the caption in this matter spells defendant's last name as Pankery, defendant's last name is Pankey. N.T. 3/7/16 at 5-6.

[2] Defendant was found not guilty of first degree murder.

[3] Following sentencing, the Commonwealth moved to *nolle pros* all charges at docket number CP-51-CR-0004330-2014, which the Court granted. N.T. 3/15/16 at 96-97.

and filed a post-sentence motion on March 28, 2016. On March 29, 2016, the Court denied defendant's post-sentence motion on the ground that the Court lacked jurisdiction due to the previously filed notice of appeal. On April 13, 2016, the Court granted a defense motion to extend the period of time to file a 1925(b) Statement. On May 24, 2016, after defendant failed to provide the ordered 1925(b) statement by the extended due date, the Court filed an opinion finding that all of defendant's claims had been waived. On July 12, 2016, the Superior Court remanded this matter for defendant to file a 1925(b) statement and for this Court to file a supplemental opinion.

Defendant has now appealed from the judgment of sentence entered by the Court on the grounds that the trial court erred by: 1) denying defendant's motion to suppress his statements made to police; 2) granting the Commonwealth's 404(b) motion to allow evidence of an uncharged robbery to be admitted at trial; and 3) denying defendant's motion to preclude the preliminary hearing testimony of Corey Wright.[4] Concise Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ 1-3. For the reasons set forth below, defendant's claims are without merit and the judgment of sentence should be affirmed.

## I. FACTUAL BACKGROUND

At the suppression hearing, the Commonwealth presented the testimony of Philadelphia Police Detectives Robert Daly and John Harkins, and Philadelphia Police Correctional Officer Sheila Grant-Covey. Defendant testified on his own behalf and presented the testimony of Dr. Lawrence Guzzardi. The following facts were established at the hearing.[5]

---

[4] Defendant's claims have been reordered for ease of analysis.

[5] Because all of defendant's claims of error pertain to the Court's rulings on pre-trial motions, the Court has outlined the facts from the pretrial record. *See In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013) (appellate review of a suppression order is limited to the suppression record).

2

On December 27, 2013, Detective Robert Daly became the assigned detective in a robbery that occurred outside the Studio 7 Bar, in the late evening hours of that day. N.T. 3/7/16 at 30. The robbery victim, Kamar Johnson, identified defendant as the robber from a photo array on December 29, 2013. N.T. 3/7/16 at 31-32, 54. Daly was also assigned a double shooting case that occurred around the corner from the bar on the night of December 29, 2013. N.T. 3/7/16 at 30. At approximately 2:00 a.m. on the morning of December 30, 2013, Daly went to the Studio 7 Bar to retrieve any possible video surveillance footage pertaining to the shooting case. N.T. 3/7/16 at 32-33. At that time, Daly observed defendant by the bar and arrested him for the robbery. N.T. 3/7/16 at 33-34.

Daly turned defendant over to other police officers to be transported and was about to go back to retrieving the shooting video when he received a telephone call advising him that one of the shooting victims, Corey Wright, had told another detective that "Munir" had shot him.[6] N.T. 3/7/16 at 34-35. Daly then took a photo array to Wright's hospital room at approximately 2:45 a.m., where Wright identified defendant as the shooter. N.T. 3/7/16 at 35. Daly then executed a search warrant at defendant's home at approximately 9:00 that morning and recovered a firearm and clothing that appeared, from surveillance video, to have been worn by the shooter. N.T. 3/7/2016 at 36. After executing the search warrant, Daly returned to the police district and went to the holding cell to speak with defendant. However, defendant stated that he wanted to speak with an attorney, and therefore, no statement was taken. N.T. 3/7/16 at 36-37, 60-61.

While Daly was processing evidence at approximately 11:15 a.m. that same morning, defendant knocked on the window of the holding cell where he was being held and informed Daly that he would "tell [Daly] what happened." N.T. 3/7/16 at 38. Daly then took defendant into an office where defendant waived his *Miranda* rights and admitted to participating in both

---

[6] As stated above, defendant's first name is "Munir".

3

the robbery and the double shooting ("first statement"). N.T. 3/7/16 at 38-39. Defendant also made statements concerning a homicide that occurred around the corner from the Studio 7 Bar shortly after the robbery, but before the double shooting. N.T. 3/7/16 at 141-143. After being interviewed by Daly, defendant was interviewed by detectives Antonini and Fife regarding other unrelated criminal matters that defendant had mentioned in his first statement, and provided another statement ("second statement") at approximately 6:10 p.m. that same day. N.T. 3/7/16 at 51-52, 80-81. Police again informed defendant of his *Miranda* rights prior to his second statement. Commonwealth Exhibit 90.

At approximately 12:30 a.m., on December 31, 2013, defendant was brought to an interview room in the Homicide Division of the police department. There he was interviewed by Detective John Harkins in connection with the homicide that defendant referenced in his first statement. N.T. 3/7/16 at 83-84, 141-143. Harkins informed defendant of his *Miranda* rights prior to this discussion, and defendant agreed to speak with Harkins. N.T. 3/7/16 at 85. At that time, defendant talked with the detectives regarding the homicide, indicating that he was present, but that someone else had shot and killed the victim. N.T. 3/7/16 at 86-88. Defendant also drew a diagram of the crime scene. N.T. 3/7/16 at 87, 90-91. After Harkins confronted defendant with inconsistencies between his version of the incident and the evidence seen in video surveillance tapes, defendant stated that he would not make a formal statement. N.T. 3/7/16 at 88. Harkins summarized his discussion with defendant in a written activity sheet ("third statement"). N.T. 3/7/16 at 88, 91.

## II. DISCUSSION

### *A. Motion to Suppress Statements*

Defendant asserts that the court "erred in denying [defendant's] motion to suppress statements based on involuntariness." Statement of Errors at ¶ 2. In particular, defendant contends that his statements were involuntary since he was going through the effects of drug withdrawal at the time the statements were made. *Id.* This claim is without merit.

In reviewing a denial of a motion to suppress, the reviewing court must determine if "the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Hoppart*, 39 A.3d 358, 361 (Pa. Super. 2012). The reviewing court may only consider evidence submitted at a suppression hearing. *In re L.J.*, 79 A.3d at 1085. Further, a reviewing court may only consider the evidence presented by the Commonwealth and any uncontradicted evidence of the defendant. *Commonwealth v. Johnson*, 107 A.3d 54, 93 (Pa. 2014). "[T]he standard for determining whether a statement is voluntary is based on the totality of the circumstances and considers, among other things, whether the defendant was coerced or manipulated or promised something in exchange for his confession; essentially...whether the defendant freely made the decision to give the statement." *Commonwealth v. Ogrod*, 839 A.2d 294, 320 (Pa. 2003) (citing *Commonwealth v. Nester*, 709 A.2d 879, 882 (Pa. 1998)). The totality of the circumstances includes defendant's mental and physical condition. *Johnson*, 107 A.3d at 93.

In the case at bar, defendant argued at the suppression hearing that due to his imprisonment, defendant abruptly stopped taking Xanax, Percocets, and other drugs, and was being medicated for detoxification at the prison. According to defendant, because the statements were taken while defendant was detoxifying from these drugs, he was in a coercive atmosphere

5

sufficient to render his statements involuntary. N.T. 3/7/16 at 22-23. Defendant further argued that the police delayed in getting defendant to a preliminary arraignment, which exacerbated the coercive atmosphere. *Id.*

Following the suppression hearing, the Court rendered findings of fact and conclusions of law. N.T. 3/8/16 at 11-14. The Court found that defendant was interviewed a total of three times while in custody awaiting his preliminary arraignment. N.T. 3/8/16 at 12-13. The Court found that in each of these interviews, defendant was advised of his *Miranda* rights, and that in each instance defendant knowingly and voluntarily waived those rights. This conclusion was supported by the testimony of Detectives Daly and Harkins, as well as the written waivers defendant signed prior to the interviews. N.T. 3/7/16 at 39, 41-44, 51-52, 85; 3/8/16 at 14; Commonwealth Exhibits C-89-91. The Court further found that at the time he gave the statements, defendant did not appear to be under the influence of drugs or suffering from symptoms of drug withdrawal, and did not inform the investigating detectives that he was under any form of medical distress. This finding was similarly founded upon the credible testimony of Detectives Daly and Harkins. N.T. 3/7/16 at 44, 49-50, 67-68, 72-74, 91-92; 3/8/16 at 13. While defendant called a toxicologist to testify to the effects of drug withdrawal, the expert relied on the history of drug use given to him by the defendant, and acknowledged that reactions to drug use and withdrawal are highly variable. N.T. 3/7/16 at 224-225, 231. The Court did not find defendant to be credible. Moreover, defendant acknowledged that on two occasions in the same month as the interviews here at issue, he voluntarily stopped taking all drugs in order to pass urine tests given by his probation officer, without seeking any medical attention for any withdrawal symptoms. N.T. 3/7/16 at 177-178.

Accordingly, the record fully supports the finding of the Court that under the totality of the circumstances, defendant's symptoms of drug withdrawal did not render his statements to be the product of unlawful police coercion. To the contrary, the record established that defendant knowingly and intentionally waived his rights under *Miranda* prior to each statement that he gave, and defendant freely made the decision to give each of the statements. N.T. 3/8/16 at 14. Therefore, the Court properly found that each statement was voluntarily given, and properly denied defendant's motion to suppress them. No relief is due.

B. *404(b) Motion to Admit Evidence of Uncharged Robbery*

Defendant also claims that the court "erred in granting the Commonwealth's 404(b) motion and allowing evidence of a robbery, which was not consolidated, to be admitted into evidence to show '*res gestae*' of the case and investigation." Statement of Errors at ¶ 1. This claim is without merit.

The law regarding the admissibility of uncharged criminal conduct in a criminal trial is well-established. While evidence of other uncharged criminal acts is not admissible to prove bad character or criminal propensity, it may be admitted for other purposes where the probative value of the evidence outweighs the potential for prejudice. Pa.R.Evid. 404(b); *see Commonwealth v. Williams*, 896 A.2d 523, 539 (Pa. 2006). Under the "*res gestae* exception" to Rule 404(b), uncharged acts are admissible if they are part of the sequence of events leading up to the charged offense and are necessary for the complete story to be told to the fact-finder. *Commonwealth v. Williams*, 896 A.2d 523, 539 (Pa. 2006). The admission of other bad acts will only be reversed upon a showing of an abuse of discretion by the trial court. *Commonwealth v. Chmiel*, 889 A.2d 501, 534 (Pa. 2005) (citing *Commonwealth v. Simmons*, 662 A.2d 621, 635 (Pa. 1995)).

Prior to trial, the Commonwealth moved to admit evidence that defendant and an unknown individual robbed Kamar Johnson outside the Studio 7 Bar on December 27, 2013 at approximately 11:45 p.m. According to the Commonwealth's motion, during the course of the robbery, Johnson felt a solid metal object in the pocket of one of his attackers and heard defendant repeatedly say "I am going to shoot you." Motion to Admit Evidence of Prior Bad Act ("Motion to Admit") at ¶¶ 1-2. The Commonwealth argued that this evidence was necessary to prove that defendant shot and killed Anthony Hinds approximately one hour later, at 12:45 a.m. on December 28, 2013, around the corner from the bar, and that defendant shot two other victims the next day, again in close proximity to the bar. Motion to Admit at ¶¶ 4-14. The Commonwealth further argued that the evidence of the robbery would establish defendant's identity, possession of a weapon used in both shootings, and history of the case, including defendant's subsequent arrest and statements. Motion to Admit at ¶¶ 15-19. Defendant argued that admission of the robbery evidence would result in prejudice that would far outweigh its probative value. N.T. 3/7/16 at 328-330.

Here, the admission of defendant's actions in connection with the Johnson robbery was necessary for a coherent explanation of events that lead to defendant's arrest for the homicide and the later double shooting. All three events occurred within a two day period in the vicinity of the Studio 7 bar. Moreover, the investigations of all three events were inextricably intertwined. Detective Daly arrested defendant for the robbery while going to retrieve video surveillance for the double shooting. N.T. 3/7/16 at 32-33. When defendant gave the first statement, after knocking on the window of his holding cell and asking to speak to Daly, he confessed to both the robbery and the double shooting. N.T. 3/7/16 at 38-39. During that same statement, he was questioned about the homicide, since the weapon found in the search of his

8

home during the robbery investigation was the same caliber as the murder weapon. N.T. 3/7/16 at 141-142. Based on that statement, and the seizure of the weapon, defendant was sent to homicide where the third statement was taken in which he admitted being present when the homicide occurred. N.T. 3/7/16 at 83-88, 143. Accordingly, it was essential to inform the jury of defendant's commission of the robbery in order to explain the investigation that led to his arrest for the homicide and the shootings.

Because the robbery evidence was necessary to show the history of the investigation of the homicide and shootings, the Court properly found that its probative value far exceeded the potential for unfair prejudice. The evidence was, therefore, properly admitted. *Williams*, 896 A.2d at 539. No relief is due.

### C. Admission of Preliminary Hearing Testimony

Finally, defendant avers that the Court erred by denying defendant's "motion to preclude the preliminary hearing testimony of Cory Wright. [Defendant] did not have a full and fair opportunity to cross examine Mr. Wright regarding video evidence, that was only passed to defense counsel after the preliminary hearing, which would substantially impeached his preliminary hearing testimony and statements to police." Statement of Errors at ¶ 3. This claim is without merit.

Prior to trial, defendant sought to preclude the preliminary hearing testimony of Cory Wright, one of the two victims in the charged double shooting that followed the homicide. Wright identified defendant as the person who shot him in a statement to police, and at the preliminary hearing, but died prior to trial. Defendant argued that, as the Commonwealth did not pass relevant impeachment evidence to defendant prior to the preliminary hearing, defendant did not have a full and fair opportunity to cross-examine Wright.

9

Under Pennsylvania Rule of Evidence 804(b)(1), where a witness is unavailable to testify, his testimony at a prior hearing may be admitted in evidence as an exception to the hearsay rule, provided that the party against whom the testimony is offered "had an adequate opportunity and similar motive to develop the testimony...." Pa.R.E. 804(b)(1). In the context of a criminal trial, so long as the witness is unavailable, that witness's prior testimony at a preliminary hearing is admissible under this exception to the hearsay rule, and satisfies the requirements of the Confrontation Clause, so long as defense counsel had a full and fair opportunity to cross-examine the witness at the preliminary hearing. *See Commonwealth v. Leak*, 22 A.3d 1036, 1045 (Pa. Super. 2011). Where a defendant asserts that he did not have a full and fair opportunity to cross-examine the witness at the preliminary hearing, he must establish that he was deprived of "vital impeachment evidence" at or before the time of the preliminary hearing. *Id.* at 1044-1045. "The Commonwealth may not be deprived of its ability to present inculpatory evidence at trial merely because the defendant, despite having the opportunity to do so, did not cross-examine the witness at the preliminary hearing as extensively as he might have done at trial." *Leak*, 22 A.3d at 1045 (quoting *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 542 (Pa. Super. 1995)).

Defendant does not dispute that Wright was unavailable at the time of trial. Here, the admissibility of the preliminary hearing testimony turns on whether defendant was denied access to "vital impeachment evidence" at the time that defense counsel cross-examined Wright at the preliminary hearing. Defense counsel identified the Studio 7 Bar's surveillance video, and defendant's own statements to police, as the vital impeachment evidence that was not available at the preliminary hearing. Motion *In Limine* to Preclude Admission of Former Testimony of Cory Wright at pp. 2-3; N.T. 3/7/16 at 300-301, 310-312. In particular, counsel argued that in

defendant's statements to police, he identified Wright as the person who committed the murder of Hines at issue in this case. He further argued that the surveillance videotape supported defendant's contention that Wright was the killer. In particular, the video showed Wright leaving the bar before the homicide, and therefore proved that Wright could have been in the area of the murder at the time that it took place. By contrast, at the preliminary hearing, Wright testified that he was inside of the bar at the time of the murder, thereby giving himself a false alibi for that murder. Defendant claims that armed with defendant's statement accusing Wright of the murder, and the surveillance video, which disproved Wright's alibi for the murder, defense counsel could have conducted a far more effective cross-examination of Wright at the preliminary hearing. N.T. 3/7/16 at 300-301, 308-311.

The record establishes that neither defendant's statements nor the surveillance video were vital impeachment evidence. As for the statements, defendant was well aware, prior the preliminary hearing, of his own contention that Wright was the killer. The Commonwealth cannot be faulted for not informing defense counsel of defendant's own exculpatory version of the facts.

As for the surveillance video, while it may have shown that Wright was incorrect about when he left the bar on the night of the homicide, he was not called as a witness to the homicide. His purpose for being called was to establish defendant's culpability for the double shooting that occurred after the homicide, and therefore, any questions about his whereabouts at the time of the homicide were collateral to his testimony. Moreover, the Commonwealth had turned extensive discovery over to the defense prior to the preliminary hearing which established, independent of the video, that Wright must have been incorrect about when he left the bar. In particular, Wright testified that he went to the bar about 11:30 p.m or 12:00 a.m., stayed 15 or 20

11

minutes, and then left. The extensive discovery provided before the preliminary hearing informed counsel that the murder occurred at about 12:45 a.m.. Therefore counsel had sufficient information, prior to the preliminary hearing, to cross-examine Wright about his claim to have left the bar after the homicide occurred. *See* N.T. 3/7/16 at 301-304. Finally, the defendant's ability to use the video to support his theory of the case was not, in any way, diminished by not having the video at the preliminary hearing. The video was fully available at trial and capable of being presented to the jury with the same force and effect as it would have had if the defense had used it first to confront Wright at the preliminary hearing.

Accordingly, as defendant was not denied vital impeachment evidence, the admission of Wright's preliminary hearing testimony was admissible under Rule 804(b)(1) and did not violate the Confrontation Clause. *Leak*, 22 A.3d at 1044-45. No relief is due.

### III. CONCLUSION

For all of the foregoing reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

_____
GLENN B. BRONSON, J.

12

Commonwealth v. Munir Pankery          CP-51-CR-0004331-2014
Type of Order: 1925(a) Opinion         CP-51-CR-0004332-2014

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

         Jeremy-Evan Alva, Esquire
         1520 Locust St. Ste. 700
         Philadelphia, PA 19102

Type of Service:      ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**District Attorney(s):**

         Hugh J. Burns, Jr., Esquire
         Chief, Appeals Unit
         Philadelphia District Attorney's Office
         Three South Penn Square
         Philadelphia, PA 19107

Type of Service      () Personal (**X**) First Class Mail ( ) Other, please specify:

**Additional Counsel/Party:**

         Joseph D. Seletyn, Esquire
         Prothonotary
         Office of the Prothonotary – Superior Court
         530 Walnut Street, Suite 315
         Philadelphia, PA 19106

Type of Service:      ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**Dated: September 23, 2016**

Jonathon M. Frisby
Law Clerk to Hon. Glenn B. Bronson